UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**VINSON G. THORPE,**

      **Defendant.**

Case No. 2:17-cr-265(1)
JUDGE EDMUND A. SARGUS, JR.

## OPINION AND ORDER

This matter is before the Court on Defendant Vinson Thorpe's ("Defendant") Motion for Compassionate Release. (ECF No. 88.) The Government opposes Defendant's release. (ECF No. 89.) For the following reasons, the Court **DENIES** Defendant's Motion.

### I.

On June 21, 2018, Defendant pleaded guilty to one count being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 54.) On January 31, 2019, Defendant was sentenced to 31 months' imprisonment followed by a three-year term of supervised release. (ECF No. 82.) Due to the COVID-19 pandemic, Defendant now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 88.) Defendant is scheduled to enter a halfway house in January 2021 and will complete his sentence in June 2021. (ECF No. 88 at 2, 4.)

### II.

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other

1

hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13"

2

when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant requests a compassionate release. He submits that he is overweight, has a history of gout, a cyst on the right side of his brain, and that he is borderline diabetic. (ECF No. 88 at 3.) He argues that these conditions place him at an increased risk of severe complications if he contracts COVID-19 while incarcerated. (*Id.*) He submitted a request to the warden for compassionate release on June 12, 2020, which was denied. (*Id.* at 2.) More than 30 days have passed since this request was submitted; Defendant has therefore satisfied the administrative requirements of § 3582(c)(1)(A).

Defendant states that, even if the "Court does not release him, perhaps it could allow him to be closer to a family through a halfway house or house arrest. He is already scheduled to go to a halfway house in January 2021, so this is not a significant change in terms of early release." (ECF No. 88 at 4.) The Court agrees that release to a halfway house would not be a significant modification. But, because Defendant is already scheduled to be placed in a halfway house in January 2021, there are no "extraordinary and compelling reasons" to grant his motion for compassionate release. Even if the Court granted the motion, release to a halfway house would be the appropriate modification. And because Defendant will be required to quarantine for at least

14 days prior to his release from prison,[1] the earliest Defendant could be released to the halfway house is January 2021.  Defendant may file a new motion for compassionate release if he is no longer scheduled to be released to a halfway house in January 2021.

### IV.

Accordingly, the Court **DENIES** Defendant's Motion for Compassionate Release.  (ECF No. 88.)

**IT IS SO ORDERED.**

**12/26/2020**              s/Edmund A. Sargus, Jr.
**DATE**                    EDMUND A. SARGUS, JR.
                            UNITED STATES DISTRICT JUDGE

---

[1] *See* BOP Modified Operations (updated Nov. 25, 2020), https://www.bop.gov/coronavirus/covid19_status.jsp.